**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 13, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40483
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOMINGO NOE DIMAS, also known as Mingo,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-99-CR-607-5
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Domingo Noe Dimas appeals his convictions for conspiracy and aiding and abetting under the Hobbs Act, 18 U.S.C. §§ 2, 1951.  He argues that the evidence was insufficient to sustain his convictions, that the district court erred in not giving a specific cautionary instruction regarding the testimony of Jesse Salas, and that the district court erred in denying his motion for new trial.

To establish a Hobbs Act violation, the Government is required to show (1) an act of extortion or an attempt or conspiracy to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

extort and (2) interference with interstate commerce.  See United States v. Robinson, 119 F.3d 1205, 1212 (5th Cir. 1997).  To be convicted of aiding and abetting, Dimas "must have associated with the criminal venture, purposefully participated in it, and sought by his actions to make it succeed."  United States v. Edwards, 303 F.3d 606, 637 (5th Cir. 2002) (citation omitted), cert. denied, 537 U.S. 1192 (2003).  "Proof of a conspiracy does not require direct evidence of an actual agreement between the co-conspirators, but may be inferred from circumstantial evidence."  United States v. Stephens, 964 F.2d 424, 427-28 (5th Cir. 1992) (internal quotation marks and citations omitted).

Viewing the evidence in the light most favorable to the Government and giving the Government the benefit of all reasonable inferences, we conclude that "a reasonable trier of fact could [have] f[ou]nd that the evidence established guilt beyond a reasonable doubt."  United States v. Bell, 678 F.2d 547, 549 (5th Cir. Unit B 1982)(en banc), aff'd on other grounds, 462 U.S. 356 (1983).  Contrary to Dimas' contentions, the jury could reasonably infer from the totality of the circumstances involving Ronald Taylor's case alone that Dimas was participating in the case-fixing conspiracy of Jose Marcelino Rubio, Sr.  See Stephens, 964 F.2d at 427-28.  Furthermore, a reasonable jury could have concluded beyond a reasonable doubt that Dimas aided and abetted Salas and Rubio in extorting money from Taylor for fixing his case.  See Robinson, 119

F.3d at 1212. Therefore, Dimas' challenge to the sufficiency of the evidence is unavailing.

Because the admission of the testimony of a paid informant raises serious concerns about the fairness of a trial, we require, inter alia, the trial court to "give a careful instruction to the jury pointing out the compensated witness' suspect credibility." United States v. Narviz-Guerra, 148 F.3d 530, 538 (5th Cir. 1998). Contrary to Dimas' contentions, which he asserts for the first time on appeal, the district court gave a specific cautionary instruction regarding Salas' credibility. Dimas fails to demonstrate any error, plain or otherwise. See id.

As to Dimas' last issue, the district court issued a detailed memorandum and order in which it determined that the juror alleging misconduct was not credible and that Dimas' motion for new trial consequently should be denied. Dimas does not address the district court's order setting forth its reasons for denying his motion for new trial. He, thus, has abandoned the issue. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Based on the foregoing, the district court's judgment is AFFIRMED.